UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| STEPHEN RICHARDSON, <br> TDCJ # 01795088, <br><br> Plaintiff, <br> VS. <br><br> JUANITA VASQUEZ GARDNER, *et al*, <br><br> Defendants. | § § § § § § § § § § | CIVIL ACTION NO. 3:18-CV-0065 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Stephen Richardson, an inmate at the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), filed this lawsuit under 42 U.S.C. § 1983 alleging violations of his civil rights in connection with his 2012 conviction for manslaughter in Bexar County. Richardson proceeds *pro se* and *in forma pauperis*. He also has filed a motion to amend his complaint (Dkt. 6), a motion for appointment of counsel (Dkt. 7), a motion to transfer venue to the Western District of Texas (Dkt. 11), and a motion for default judgment (Dkt. 15).

Because this case is governed by the Prison Litigation Reform Act ("PLRA"), the Court is required to scrutinize the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. After reviewing all of the pleadings as required, the Court concludes that this case must be **DISMISSED** for reasons that follow.

## I. BACKGROUND

Richardson is incarcerated at the Wayne Scott Unit in Brazoria County. According to publicly available records, he is serving a thirty-five year sentence for manslaughter based on a 2012 conviction in 399th Judicial District Court for Bexar County, Case No. 2010CR10629. *See* Texas Department of Criminal Justice, Offender Information Search, available at https://offender.tdcj.texas.gov/OffenderSearch/index.jsp (last visited July 12, 2018).

Richardson's complaint attacks the judgement and sentence against him in 2010CR10629. In particular, he alleges that he was subject to a conspiracy and that the judgment against him was falsified with another person's identification number (Dkt. 1, at 4). He sues Hon. Juanita Vasquez-Gardner of the 399th District Court of Bexar County, alleging that Judge Vasquez-Gardner "incarcerated Plaintiff without indictment or notice and falsified judgment using false identification number" (*id*. at 3). He claims that an unnamed TDCJ records clerk "falsified documents" related to judgment against him with an incorrect identification number (*id*.). He also sues three additional defendants for their alleged failure to acknowledge or report the falsified documentation: the TDCJ grievance department at the Wayne Scott Unit; TDCJ Parole Officer Ednika Williams at the Wayne Scott Unit; and Warden Larry E. Berger of the Wayne Scott Unit (Dkt. 1, at 3).

Richardson's proposed amended complaint (Dkt. 6) seeks to add claims against Bexar County District Attorney Bill Pennington and Alex J. Scharff, the attorney who

represented him on appeal, for their role in the judgment against him and his current incarceration.

Richardson's manslaughter conviction was affirmed on direct appeal. *Richardson v. State*, No. 04-12-00379-CR, 2013 WL 5653400 (Tex. App.—San Antonio, Oct. 16, 2013, no pet.). He has filed multiple habeas corpus petitions, the most recent of which was denied by the Texas Court of Criminal Appeals ("TCCA") without written order on April 25, 2018, WR-75,949-11. *See* TCCA Case Information, available at http://www.search.txcourts.gov/Case.aspx?cn=WR-75,949-11&coa=coscca (last visited July 12, 2018).

Richardson seeks immediate release from TDCJ, expungement of his record, and $25 million in damages (Dkt. 1, at 4).

## II.  STANDARD OF REVIEW

As required by the PLRA, the Court screens this case to determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. In reviewing the pleadings, the Court is mindful of the fact that Plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

## III. DISCUSSION

Richardson brings this suit under 42 U.S.C. § 1983 alleging that the 2012 judgment against him was falsified. He sues the judge who presided over his trial,[1] as well as four TDCJ officials.

Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), a claim for damages under 42 U.S.C. § 1983 that bears a relationship to a conviction or sentence is not cognizable unless the conviction or sentence has been invalidated. To recover damages based on allegations of "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a civil rights plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id.* If

---

[1] A judge is entitled to absolute immunity from a claim for damages when the claim arises out of acts performed in the exercise of judicial functions. *Davis v. Tarrant County, Texas*, 565 F.3d 214, 221 (5th Cir. 2009). Moreover, "federal courts have no authority to direct state courts or their judicial officers in the performance of their duties." *LaBranche v. Becnel*, 559 F. App'x 290 (5th Cir. 2014).

a judgment in favor of a civil rights plaintiff "would necessarily imply the invalidity of his conviction or sentence," then the complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

Public court records do not reflect, and Richardson does not claim, that his sentence for manslaughter in 2010CR10629 has been invalidated or otherwise set aside. Absent this showing, the rule in *Heck* precludes any claim for damages, as well as any claim for declaratory or injunctive relief. *See Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998) (en banc). Therefore, Richardson's civil rights claims are not cognizable under 42 U.S.C. § 1983 at this time and his claims for damages must be dismissed with prejudice. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").[2]

Plaintiff's complaint will be dismissed because it fails to state a claim upon which relief may be granted and seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

## IV. <u>CONCLUSION</u>

Based on the foregoing, the Court **ORDERS** as follows:

---

[2] Plaintiff's proposed amended pleadings also would fail to state a valid claim for relief. Although Plaintiff seeks leave to add a claim against the prosecutor who brought the case against him, prosecutors are entitled to absolute immunity from civil rights claims for actions taken in the scope of their duties in initiating and pursuing a criminal prosecution. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009). Plaintiff also seeks to add a claim against the attorney who represented him on appeal, but criminal defense attorneys are not state actors who can be held liable under 42 U.S.C. § 1983. *See Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996). Plaintiff's proposed amended pleadings therefore are futile. *See Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016).

1. Under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the complaint (Dkt. 1) is **DISMISSED with prejudice** to the claims being asserted again until the *Heck* conditions are met.

2. All pending motions are **DENIED as moot.**

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 13th day of July, 2018.

*George C. Hanks Jr.*
George C. Hanks Jr.
United States District Judge